UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRYAN ENCARNACION,

    Plaintiff,

v.                                                  Case No. 8:18-cv-2527-T-02AAS

SHERIFF GRADY JUDD, et al.,

    Defendants.
_____/

## ORDER

Before the Court is Bryan Encarnacion's second amended complaint filed under 42 U.S.C. § 1983 (Doc. 9). Mr. Encarnacion is a Florida prisoner proceeding *pro se*, and he sues the following defendants: Sheriff Grady Judd, the Polk County Sheriff's Department, and Deputy Dustin Tarrot Wade. Mr. Encarnacion alleges that after he was arrested and handcuffed, Deputy Wade used excessive force by grabbing the handcuffs and lifting him off his feet, which caused fractures to his hands, wrist, and elbow. The Court has examined the second amended complaint in accord with 28 U.S.C. § 1915A.

## DISCUSSION

### I. Defendants Judd and Polk County Sheriff's Office

Defendants Judd and Polk County Sheriff's Office are sued in their official capacities. "For liability purposes, a suit against a public official in his official capacity is considered a suit against the local government entity he represents," *see Owens v. Fulton County*, 877 F.2d 947, 951 n.5 (11th Cir. 1989), here Polk County, Florida. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Jones v. Cannon*, 174 F.3d 1271, 1293 n. 15 (11th Cir. 1999). "A governmental entity is not liable under

[§] 1983, merely as a matter of respondeat superior, for constitutional injuries inflicted by its employees." *See Brown v. Neumann*, 188 F.3d 1289, 1290 (11th Cir. 1999) (citation omitted). A local government is, however, liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978) (holding that liability of municipalities and other governmental entities under § 1983 is limited to instances of official policy or custom).

To attribute liability to Sheriff Judd and the Sheriff's Office in their official capacities under § 1983, Mr. Encarnacion must demonstrate that they had an official policy or custom that was "the moving force of the constitutional violation." *Vineyard v. County of Murray, Ga.*, 990 F.2d 1207, 1211 (1993) (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)). Here, the second amended complaint fails to allege facts sufficient to show the existence of a policy or custom that caused the alleged violation of Mr. Encarnacion's constitutional rights. Therefore, the second amended complaint fails to state a claim for relief against Sheriff Judd and the Sheriff's Office.

## II. Deputy Wade

Although Mr. Encarnacion indicates that he sues Deputy Wade in his official capacity (see Dkt. 9, p. 2), the Court liberally construes the second amended complaint as alleging a claim of use of excessive force in violation of the Fourth Amendment against Deputy Wade only in his individual capacity. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (courts must read *pro se* plaintiff's allegations in a liberal fashion). And accepting the allegations of the second amended complaint as true, which the Court must do at this stage of the proceedings, Mr. Encarnacion has adequately alleged a claim for excessive use of force under the Fourth Amendment. *See Christopher v.*

*Harbury*, 536 U.S. 403 (2002) (in deciding a motion to dismiss, the Court must accept all factual allegations in the complaint as true and take them in the light most favorable to plaintiff); *Lee v. Ferraro*, 284 F.3d 1188, 1197 (11th Cir. 2002) ("The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest.").

Accordingly, it is **ORDERED** that:

1. The claims against Defendants Judd and Polk County Sheriff's Department are **DISMISSED** without prejudice. If Mr. Encarnacion wishes to restate these claims, he may do so by filing a third amended complaint not later than April 1, 2019. If no third amended complaint is timely filed, this action will proceed solely on Mr. Encarnacion's Fourth Amendment use of excessive force claim against Deputy Wade in his individual capacity.

2. The **Clerk of Court** is directed to mail a court-approved form for filing a civil rights complaint with Mr. Encarnacion's copy of this Order. The case number must be written on the form.

**DONE AND ORDERED** at Tampa, Florida, on _February 26th_, 2019.

WILLIAM F. JUNG
United States District Judge

Copy to: Bryan Encarnacion

3