# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

BRYAN ENCARNACION,

    Plaintiff,

v.                                                       Case No. 8:18-cv-2527-T-02AAS

DUSTIN TARROT WADE,

    Defendant.
_____/

## ORDER

Before the Court is Bryan Encarnacion's third amended civil rights complaint filed under 42 U.S.C. § 1983 (Doc. 11). Mr. Encarnacion alleges that on September 12, 2017, during the course of his arrest, Deputy Wade used excessive force against him, which caused a fracture to his wrist and elbow. Deputy Wade is sued only in his official capacity (Id., p. 2).

## DISCUSSION

"For liability purposes, a suit against a public official in his official capacity is considered a suit against the local government entity he represents," *see Owens v. Fulton County*, 877 F.2d 947, 951 n.5 (11th Cir. 1989), here Polk County, Florida. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Jones v. Cannon*, 174 F.3d 1271, 1293 n. 15 (11th Cir. 1999). "A governmental entity is not liable under [§] 1983, merely as a matter of respondeat superior, for constitutional injuries inflicted by its employees." *See Brown v. Neumann*, 188 F.3d 1289, 1290 (11th Cir. 1999) (citation omitted). A local government is, however, liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Department of Social Services*, 436 U.S. 658,

694 (1978) (holding that liability of municipalities and other governmental entities under § 1983 is limited to instances of official policy or custom).

To attribute liability to Deputy Wade in his official capacity under § 1983, Mr. Encarnacion must demonstrate that there was an official policy or custom that was "the moving force of the constitutional violation." *Vineyard v. County of Murray, Ga.*, 990 F.2d 1207, 1211 (1993) (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)). Here, the third amended complaint fails to allege facts sufficient to show the existence of a policy or custom that caused the alleged violation of Mr. Encarnacion's constitutional rights. Therefore, the third amended complaint fails to state a claim for relief against Deputy Wade in his official capacity.[1]

## Leave to Amend

Mr. Encarnacion will be granted one final opportunity to amend. Within **thirty (30) days** from the date of this Order, Mr. Encarnacion may submit a fourth amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail him a court-approved form to use for filing a fourth amended complaint. If he fails to use the court-approved form, the court may strike the fourth amended complaint and dismiss this action without further notice.

Mr. Encarnacion must clearly designate on the face of the document that it is the "Fourth Amended Complaint." The fourth amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original or amended complaints by reference. **The fourth amended complaint supersedes the original and amended complaints, and all claims must be raised in the fourth amended complaint.**

---

[1] The allegations would state a claim upon which relief may be granted against Defendant Wade in his individual capacity only.

2

Mr. Encarnacion must place defendants' names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Defendants" section of the form. In the statement of facts, he should clearly describe how each named defendant is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates of, and facts regarding, the alleged illegal acts. In the section entitled "Statement of Claims," he must state what rights or statutes he contends have been violated, and he must provide reference to the facts supporting the claimed violations. Finally, in the "Relief Requested" section, he shall identify the form of relief he seeks from this Court.

Accordingly, it is **ORDERED** that:

1. The third amended complaint (Doc. 11) is **DISMISSED** without prejudice to filing a fourth amended complaint.

2. The **Clerk of Court** is directed to mail a court-approved form for filing a civil rights complaint with Mr. Encarnacion's copy of this Order. The case number must be written on the form.

3. If Mr. Encarnacion fails to timely file a fourth amended complaint within 30 days, this action will be dismissed without prejudice.

**DONE AND ORDERED** at Tampa, Florida, on March 25, 2019.

WILLIAM F. JUNG
United States District Judge

SA: sfc
Copy to: Bryan Encarnacion