UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRYAN ENCARNACION,

    Plaintiff,

v.                                                    Case No. 8:18-cv-2527-T-02AAS

DUSTIN TARROT WADE,

    Defendant.
_____/

## ORDER

Before the Court is Bryan Encarnacion's fifth amended civil rights complaint filed under 42 U.S.C. § 1983 (Doc. 15). Mr. Encarnacion alleges that on September 12, 2017, during the course of his arrest, Deputy Wade used excessive force against him, which caused fractures to his hand, wrists, and elbow. On the complaint form, Plaintiff checked the box indicating that he sues Deputy Wade solely in his official capacity (Id., p. 2).

## DISCUSSION

"For liability purposes, a suit against a public official in his official capacity is considered a suit against the local government entity he represents," *see Owens v. Fulton County*, 877 F.2d 947, 951 n.5 (11th Cir. 1989), here Polk County, Florida. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Jones v. Cannon*, 174 F.3d 1271, 1293 n. 15 (11th Cir. 1999). "A governmental entity is not liable under [§] 1983, merely as a matter of respondeat superior, for constitutional injuries inflicted by its employees." *See Brown v. Neumann*, 188 F.3d 1289, 1290 (11th Cir. 1999) (citation omitted). A local government is, however, liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell*

v. *Department of Social Services*, 436 U.S. 658, 694 (1978) (holding that liability of municipalities and other governmental entities under § 1983 is limited to instances of official policy or custom).

To attribute liability to Deputy Wade in his official capacity under § 1983, Mr. Encarnacion must demonstrate that there was an official policy or custom that was "the moving force of the constitutional violation." *Vineyard v. County of Murray, Ga.*, 990 F.2d 1207, 1211 (1993) (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)). Here, the fifth amended complaint fails to allege facts sufficient to show the existence of a policy or custom that caused the alleged violation of Mr. Encarnacion's constitutional rights. The fifth amended complaint therefore fails to state a claim for relief against Deputy Wade in his official capacity.

The fifth amended complaint, however, adequately states an excessive force claim against Deputy Wade in his individual capacity. Accordingly, given this Court's duty to construe the complaint liberally, the Court will assume that Plaintiff sues Deputy Wade in both his official *and* individual capacities. *See Hope v. Bureau of Prisons*, 476 F. App'x 702, 704–05 (11th Cir.2012) ("We construe *pro se* pleadings liberally. . . .") (citation omitted).

Accordingly, it is **ORDERED** that the claim against Deputy Wade in his official capacity is **DISMISSED** with prejudice for failure to state a claim on which relief may be granted. This case shall proceed solely on Plaintiff's claim against Deputy Wade, in his individual capacity, under the Fourth Amendment for use of excessive force.

**DONE AND ORDERED** at Tampa, Florida, on ____May 24th____, 2019.

WILLIAM F. JUNG
United States District Judge

SA: sfc
Copy to: Bryan Encarnacion