**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

BRYAN ENCARNACION,

Plaintiff,

v. Case No. 8:18-cv-2527-T-02AAS

DUSTIN TARROT WADE,

Defendant.
_____________________________/

# ORDER

Before the Court is Deputy Wade's Motion to Dismiss Fifth Amended Complaint with Supporting Memorandum of Law, Dkt. 21, which Mr. Encarnacion opposes, Dkt. 23. Upon consideration, the motion to dismiss will be granted in part and denied in part.

## I. Allegations of the Fifth Amended Complaint

Mr. Encarnacion alleges that on September 12, 2017, he was arrested by Deputy Wade. Dkt. 15 at 4. During the arrest, Deputy Wade shot Mr. Encarnacion with a tazer gun and placed him in handcuffs. *Id.* After Mr. Encarnacion was examined by an emergency medical technician, Deputy Wade yanked Mr. Encarnacion up off the ground by grabbing the handcuffs, which caused fractures

to Mr. Encarnacion's wrist and arm. *Id.* Mr. Encarnacion contends that Deputy Wade violated his rights under the Eighth Amendment by using excessive force when he lifted him off the ground only by the handcuffs.

## II. Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In considering the motion, the court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted).

## III. Summary of the Arguments

Deputy Wade argues that the Fifth Amended Complaint should be dismissed because: (1) the Eighth Amendment is inapplicable to this case; (2) to the extent it alleges a claim of excessive force in violation of the Fourth Amendment, it fails to state a claim upon which relief may be granted; and (3) he is entitled to qualified immunity.

Mr. Encarnacion argues that the motion to dismiss should be denied "based on medical evidence and witness statements validating [his] claims of excessive force." Dkt. 23 at 1.

**IV. Analysis**

A. <u>The Eighth Amendment is inapplicable to this case</u>

At the outset, the Court must "identify the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Connor*, 490 U.S. 386, 394 (1989). The Supreme Court has made clear, "all claims that [governmental authorities] have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' . . . should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Graham*, 490 U.S. at 395; *see also Garrett v. Athens–Clarke County, Georgia*, 378 F.3d 1274, 1279 n. 11 (11th Cir.2004) (where "[t]he excessive force claims arise from events happening in the course of the arrest," the claims must be analyzed under the Fourth Amendment). Therefore, because Deputy Wade's use of force was in the course of an arrest, Mr. Encarnacion's claim that Deputy Wade used excessive force must be analyzed under the Fourth Amendment. Accordingly, Mr. Encarnacion's claim under the Eighth Amendment will be dismissed.

B. <u>The Fifth Amended Complaint states a claim for excessive force under the Fourth Amendment</u>

Deputy Wade argues that Mr. Encarnacion has failed to state a cause of

action for a use of excessive force because "[a]s a matter of law, yanking the Plaintiff off the ground is not excessive force." Dkt. 21 at 4. He contends that he used "ordinary and reasonable force," and said force "is not transformed into excessive force" even though it caused fractures to Mr. Encarnacion's wrist and arm. *Id*. at 6.

The use of excessive force in making an arrest constitutes a violation of the Fourth Amendment. *See Davis v. Williams*, 451 F.3d 759, 767 (11th Cir.2006). Whether the amount of force used was reasonable or excessive is determined objectively "from the perspective of a reasonable officer on the scene, rather than with 20/20 vision of hindsight" and requires "careful attention to the facts and circumstances of each particular case." *Priester v. City of Riviera Beach*, 208 F.3d 919, 924 (11th Cir.2000) (quoting *Graham v. Connor*, 490 U.S. 386 (1989)). The factors to be analyzed include: (1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight. *Priester*, 208 F.3d at 924; *Mercado v. City of Orlando*, 407 F.3d 1152, 1157 (11th Cir.2005). The totality of the circumstances is considered "to determine whether the manner of arrest was reasonable." *Draper v. Reynolds*, 369 F.3d 1270, 1277 (11th Cir.2004). "[I]n determining if force was reasonable, courts must

examine (1) the need for the application of force, (2) the relationship between the need and amount of force used, and (3) the extent of the injury inflicted." *Id.* at 1277–78 (quotation omitted). The force exerted by the officer must be "reasonably proportionate to the need for that force" which is measured by the three factors set forth in *Priester*. *Lee v. Ferraro*, 284 F.3d 1188, 1198 (11th Cir. 2002).

Viewing the factual allegations in the Fifth Amended Complaint in the light most favorable to Mr. Encarnacion, when Deputy Wade used force to yank Mr Encarnacion up off the ground, Mr. Encarnacion was restrained in handcuffs. There are no allegations that Mr. Encarnacion was resisting arrest or attempting to flee, that he posed a threat to Deputy Wade or others' safety, that the crime at issue was severe, or that he refused any orders to stand up from the ground.

A reasonable law enforcement officer in this situation would not believe that anything more than *de minimis* force was warranted. Nonetheless, Deputy Wade grabbed Mr. Encarnacion by the handcuffs and yanked him off the ground with force sufficient to break bones. That force, as alleged, was excessive. *See Saunders v. Duke*, 766 F.3d 1262, 1265 (11th Cir.2014) ("We have repeatedly ruled that a police officer violates the Fourth Amendment, and is denied qualified immunity, if he or she uses gratuitous and excessive force against a suspect who is under control, not resisting, and obeying commands."); *Smith v. Mattox*, 127 F.3d

1416, 1419 (11th Cir.1997) (force sufficient to break the arm of arrestee who had "docilely submitted" to law enforcement is excessive, and officer not entitled to qualified immunity). The Court therefore finds that the allegations in the Fifth Amended Complaint state a violation of the Fourth Amendment.

C. Deputy Wade is not entitled to qualified immunity

Deputy Wade invokes qualified immunity, which protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation omitted). Qualified immunity allows government officials to "carry out their discretionary duties without the fear of personal liability or harassing litigation." *Oliver v. Fiorino*, 586 F.3d 898, 904 (11th Cir. 2009) (citation omitted). The Eleventh Circuit teaches that qualified immunity should be addressed "as early in the lawsuit as possible" because it is a defense not only from liability, but from suit. *Lee v. Ferraro*, 284 F.3d at 1194.

A government official "asserting this defense bears the initial burden of showing that he was acting within his discretionary authority." *Moore v. Sheriff of Seminole Cty.*, 2018 WL 4182120, at *2 (11th Cir. Aug. 30, 2018) (citation and quotation marks omitted). Here, Mr. Encarnacion does not dispute that Deputy

Wade was acting within the scope of his discretionary authority. Accordingly, the burden shifts to Mr. Encarnacion to show that (1) Deputy Wade's conduct violated a constitutional right, and (2) the right was clearly established at the time of the alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *see also Pearson*, 555 U.S. at 236 (courts free to address inquiry in most appropriate order). As evidenced by the above analysis, Mr. Encarnacion has adequately alleged a violation of the Fourth Amendment. Therefore, the question for this Court in assessing Deputy Wade's immunity from damages under § 1983 is whether that right was clearly established at the time Deputy Wade arrested Mr. Encarnacion. *Gonzalez v. Reno*, 325 F.3d 1228, 1233 (11th Cir.2003).

A constitutional violation can be clearly established by showing (1) a "materially similar case"; (2) pointing to a "broader clearly established principle" that controls "the novel facts of the situation"; (3) or demonstrating that the conduct involved in the case "so obviously violates 'the constitution that prior case law is unnecessary." *Terrell v. Smith*, 668 F.3d 1244, 1255-56 (11th Cir. 2012) (citations and alterations omitted). An officer yanking an arrestee off the ground by the handcuffs with force sufficient to break a bone when the arrestee is under control and not resisting is obviously unacceptable conduct. *See Smith*, 127 F.3d at 1419–20 (refusing to confer qualified immunity on an arresting officer who

fractured the arm of the arrestee even though the arrestee had "docilely submitted" to the officer and was offering no resistance). Such conduct goes beyond the border between excessive and acceptable force and violates clearly established rights. *See, e.g., Solovy v. Morabito*, 375 F. App'x 521, 527 (6th Cir. 2010) ("The method Sergeant Carroll used to lift Solovy—pulling the chains of handcuffs secured behind Solovy's back to hoist his body weight—was almost guaranteed to cause substantial pain, especially to a person with a shoulder injury. Further, nothing suggests that this was a necessary or even an appropriate way to lift Solovy. Thus, lifting Solovy from the ground using his handcuff chains would be plainly unreasonable.").

Deputy Wade argues that "[a]s a matter of law, yanking Plaintiff off the ground is not excessive force[,]" and he cites to *Thompson v. Fairfield*, 2001 WL 36125103, at *5 (N.D. Fla. March 29, 2001) in support. Dkt. 21 at 4. However, there are crucial differences between this case and the facts presented in *Thompson*. In *Thompson*, the arrestee refused the officer's orders to get off the floor and get back up on the couch before she grabbed the arrestee's handcuffs and attempted, unsuccessfully, to move him back on the couch. *Id*. Moreover, there was no allegation that the grabbing of the handcuffs caused fractures. *Id*. Here, the allegations (1) do not indicate that Mr. Encarnacion disobeyed any order to

stand up off the ground, and (2) show that Mr. Encarnacion was lifted off the ground solely by the handcuffs, which caused multiple fractures.

In sum, viewing the allegations in the Fifth Amended Complaint in the light most favorable to Mr. Encarnacion, Deputy Wade used excessive force and thereby violated Mr. Encarnacion's rights under the Fourth Amendment. And the right to be free of excessive force by law enforcement officers during an arrest was clearly established at the time of the incident. Therefore, because Deputy Wade's conduct violated a clearly established constitutional right of which a reasonable person would have known, he is not entitled to qualified immunity.[1]

[1]Deputy Wade is free to again raise qualified immunity at the summary judgment stage.

Accordingly:

1. Deputy Wade's Motion to Dismiss Fifth Amended Complaint with Supporting Memorandum of Law (Dkt. 21) is **GRANTED** solely to the extent that Mr. Encarnacion's claim under the Eighth Amendment is **DISMISSED**. The motion is otherwise **DENIED**. This case shall proceed solely on Mr. Encarnacion's claim against Deputy Wade under the Fourth Amendment for use of excessive force.
2. Deputy Wade must answer the Fifth Amended Complaint no later than 21 days from the date of this Order.

**DONE AND ORDERED** at Tampa, Florida, on October 31, 2019.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record
Plaintiff, pro se